## *EX PARTE* EPTING,

### *IN RE* GIST v. RUTHERFORD.

1. Findings of fact by the master concurred in by the Circuit judge approved.
2. Where a trustee was ordered by the court to purchase a tract of land for the separate use of a married woman (his *cestui que trust*) from her husband, and he paid for the place by purchasing a judgment against such husband, and put her in possession, he substantially made the investment directed, although the deed from the husband was not executed nor the judgment marked satisfied until long afterwards.

3. A master's report, confirmed by the court in a creditor's action, is *res judicata* as to a decree in a former cause reported against, and of all matters arising under such decree, and may be pleaded as such in a subsequent proceeding seeking to enforce a claim under such decree.

4. A claim for a legacy prosecuted twenty-four years after decree ascertaining its amount, and directing its investment, is barred by lapse of time.

Before ALDRICH, J., Newberry, June, 1884.

The opinion fully states the case. The master's report of his conclusions of law was as follows:

The claim of the petitioner is for a balance of legacy under the will of William Rutherford, deceased, ascertained by the settlement in the ordinary's office in 1849, and again ascertained by the decree in *Epting v. Epting and Rutherford*, in 1857, while the administrator *de bonis non* of the estate of Thomas B. Rutherford, deceased, sets up in his answer that the whole claim is satisfied by the investment by Thomas B. Rutherford of petitioner's legacy in land, pursuant to the decree of the court in *Epting v. Epting and Rutherford*, dated September 23, 1857, payment of the interest on said legacy up to the time of the investment, and the receipt by the petitioner of the rents and profits of said land since said investment, and that this claim has been heretofore adjudicated in this action and rejected.

Has this claim been heretofore adjudicated in this action and rejected? We have seen that the creditors of the estate of Thomas B. Rutherford, deceased, were called in and required to establish their demands under the bill in this action, and enjoined from prosecuting their claims elsewhere. And the referee states in his report in this case, dated May 21, 1874, that, amongst other claims, this one was presented, and was ascertained to have been satisfied, except as to certain costs. This report was confirmed, and became the judgment of the court, from which no appeal was taken.

It is said in the case of *McDowall v. McDowall* (*Bail. Eq.*, 330), that what parties have once had an opportunity of litigating in the course of a judicial proceeding, they shall not draw in

question again; but whatever might properly have been put in issue, shall be concluded to have been put in issue and determined. And in the case of *Manigault* v. *Deas* (*Ibid*, 293), Judge O'Neall, in delivering the opinion of the court, used the following language: "It may be laid down, as a general rule, that a direct final judgment of a court of competent jurisdiction, on the same subject matter between the same parties and privies in law or estate, is conclusive, and cannot be re-examined in a subsequent original action in the same or any court."

It is argued, however, in behalf of this petitioner, that the record does not show in what manner the decree in *Epting* v. *Epting and Rutherford*, was ascertained to have been satisfied. But the referee expressly states, in his report, that the decree in *Epting* v. *Epting and Rutherford*, *was presented* and ascertained to have been satisfied. True, he does not say in terms that petitioner's interest was actually represented, or in what way the conclusion was arrived at, that the decree had been satisfied; but I think the presumption must be now that petitioner's interest was duly represented, and that the conclusion that the decree had been satisfied was reached through a full investigation, unless the contrary is shown, which has not been done.

We have no doubt either but that every presumption is to be made in favor of the regularity of the proceedings of the court, and that we must take for granted that all persons were properly made parties, on whose rights, as parties, the decree purports to decide. Chancellor Harper in *Cruger, Adm'r,* v. *Daniel, Riley Ch.,* *106. I conclude that this claim must be held to have been heretofore adjudicated in this action and rejected, and that it cannot now be re-examined.

As to the questions, whether the claim has actually been fully paid, as alleged in the answer to the petition, or whether it is presumed paid by the lapse of time, as argued by the counsel for the administrator *de bonis non* of the estate of Thomas B. Rutherford, deceased, I think it unnecessary, after the foregoing conclusion, to advert to them for the purposes of this case. However, they have been made, and I will notice briefly the latter, as it seems wholly unnecessary, under the circumstances, to go into any mathematical calculation for the purpose of determining the former.

We find this petition presented in June, 1882, about 33 years after the settlement, in 1849, in the ordinary's office; about 25 years after the petitioner says she received the $180 note from Thomas B. Rutherford, in 1858; about 14 years after the order in *Gist and wife, et al.*, v. *Rutherford, Adm'r, et al.*, in 1868; about 8 years after the report of the referee in *Gist and wife, et al.*, v. *Rutherford, Adm'r, et al.*, was filed in 1874; and about 5 years after that report was confirmed in 1877.

It is now well settled in this state, that the lapse of twenty years is *per se* conclusive evidence of the payment of a bond conditioned for the payment of money, or for doing any other act, but this can, in my view, make no difference in that respect. Judge Nott in *Ordinary of Charleston District* v. *Steedman, Ex'or, Harper*, \*289. After the expiration of twenty years, the presumption of payment acquires an artificial force, so that it stands in the place of belief, and an admission that the payment has not in fact been made, cannot of itself destroy the effect which considerations of policy have given to a certain period of time whether the payment has or has not been made. *Stover and Barnes* v. *Duzen*, 3 *Strob.*, 451, quoted and approved in *Willingham* v. *Chick*, 14 *S. C.*, 102. In *Riddlehoover* v. *Kinard*, 1 *Hill Ch.*, 378, Chancellor Harper said: "The lapse of twenty years is sufficient to raise a presumption of a grant from the state, of the satisfaction of a bond, mortgage, or judgment, of the grant of a franchise, or the payment of a legacy, or almost anything else that is necessary to quiet title of property." The doctrine upon this subject, laid down in these cases, is strongly approved in the case of *Boyce* v. *Lake*, 17 *S. C.*, 481.

I must decide that the claim is barred, and presumed paid, by the lapse of more than twenty years since the decree in *Epting* v. *Epting and Rutherford*, or since the time the petitioner says she received the $180 note from Thomas B. Rutherford. Neither the passage of the order of 1868, nor the execution of the deed in 1870, can be regarded as circumstances to rebut the presumption under the cases cited above. Rutherford had doubtless seen the necessity of taking up the judgment in *Hentz* v. *Epting*, in order to preserve the property to this petitioner; and the investment in this judgment was equivalent to an investment in the land, as

it was the oldest and only lien against the land. Perhaps he considered the decree of September 23, 1857, sufficient to give the petitioner the possession of the land, and the right to the rents and profits; and if there was any difference between the amount of the legacy, and the amount paid for the judgment, it may have been adjusted by the payment of the $180 note, in 1858, which the petitioner says she received; and, besides this, it was ordered that the costs in *Epting* v. *Epting & Rutherford*, should be paid out of the legacy. At any rate, after the lapse of time, if there was any difference, it seems it must be presumed adjusted. The order of 1868 was perhaps considered necessary to have the judgment in *Hentz* v. *Epting* cancelled, as it had not been done in the life-time of Thomas B. Rutherford, and the deed of 1870 was simply in obedience to this order.

I recommend that the petition be dismissed with costs.

*Mr. Joseph L. Keitt*, for appellant.

*Mr. George S. Mower*, for respondent.

March 23, 1885. The opinion of the court was delivered by

Mr. Chief Justice Simpson. William Rutherford, late of Newberry County, died, in 1845, testate. Dr. Thomas B. Rutherford qualified as executor of the will. The testator bequeathed to the appellant a legacy which, in some proceeding before the ordinary of said county had in 1849, was ascertained to amount at that date to $1,920.38. In May, 1856, the petitioner, then the wife of Henry Epting, filed a bill in equity, praying that her legacy, in the hands of Thomas B. Rutherford, be invested in a tract of land to be settled to her separate use upon certain terms. The interest on the legacy up to that time seems to have been paid. Henry Epting and Dr. Rutherford were made parties to this bill, who answered, consenting to the prayer. An order was accordingly made directing the investment, and referring it to the commissioner to report a suitable tract. The commissioner, in 1857, reported, and recommended a tract of land containing one hundred and twenty acres, belonging to the said Henry Epting for the investment. In September,

1857, the court confirmed this report, and ordered the investment at the price of $1,634, and directing Dr. Rutherford to hold the land subject to the terms of the trust, and that the costs be paid out of the legacy.    In the meantime Dr. Rutherford had obtained a large judgment on Henry Epting, amounting to $1,290.35, February 9, 1855.    No deed was ever executed from Henry Epting to Dr. Rutherford, but Mrs. Epting and her husband were in possession, and have so continued since.

Dr. Rutherford died in 1865, intestate, and in May, 1866, the bill in which this petition is a matter *in re* was filed by R. V. Gist and wife *et al.* to partition his real estate; but it being ascertained that this real estate would be necessary to be used in aid of the personalty to pay debts, the bill was converted into a bill to marshal assets, and creditors were called in and enjoined from suing elsewhere.    The claim of the petitioner was presented, but before the commissioner reported on claims, Chancellor Lesesne, in 1868, passed an order in this bill, directing that the tract of land aforesaid be vested in the trustee of the petitioner, under the terms and limitations of the trust, and that the judgment which Dr. Rutherford held against Henry Epting be marked satisfied, and the debt and interest represented by said judgment be credited upon the claim of Harriet Epting against the estate of Dr. Rutherford.    In April, 1870, Thomas V. Wicker having been appointed trustee of Mrs. Epting after the death of Dr. Rutherford, a deed of one hundred and twenty acres (the land above referred to) was executed by Henry Epting to the said trustee, Wicker, in consideration of $2,502.07.    It appeared in evidence before the commissioner that Dr. Rutherford had paid to Mrs. Epting, in 1858, $180 by note on Wicker, besides several other payments before that date, and that Mrs. Epting had been in the possession of the land since the filing of her bill praying the investment in 1856.

No report was made on the claims of creditors until 1874, when the former commissioner was made special referee and made a report, in which he stated that the decree in the case of *Epting* v. *Epting & Rutherford,* had been satisfied, except as to certain items of costs.    This report was confirmed in 1877, and

there was no further reference to the claim of the petitioner among the debts established or rejected.

Thus matters stood until May, 1882, when the petition below was filed *in re*, in the same case of *Gist and wife* v. *A. O. Rutherford*, which seems to be still pending. The petition asked leave to present the claim of Harriet Epting for her legacy under the will of William Rutherford against the estate of Dr. Rutherford, executor, amounting to $1,920.38, on July 29, 1849, acknowledging a credit of $400, and ignoring the settlement of the land in trust upon her altogether. This petition was referred to C. D. Barksdale, master for Laurens County, with a limitation that it should not be regarded as opening any matter already adjudicated, or as an acknowledgment in any way of the claim of Mrs. Epting, or of the fact that it had not been settled and adjudicated. The master, after full investigation, made a careful and well-considered report, both upon the law and the facts, in January, 1884, in which he found, first, that the claim of the petitioner was *res adjudicata ;* second, that it had been satisfied and was barred by the lapse of time. And he recommended that the petition be dismissed with costs.

The petitioner excepted to this report, upon the following grounds : "1. That the master erred in not finding, as requested, that Thomas B. Rutherford did not invest the legacy of the petitioner in the land of John H. Epting, under the decree in *Epting* v. *Epting & Rutherford.* 2. That he erred in not finding, as requested, that the excess of the claim of the separate estate over the consideration of the deed has not been paid. 3. That he erred in his conclusions of law that the petitioner's claim has been heretofore adjudicated and rejected. 4. That he erred in his conclusion of law that the petitioner's claim is barred by the statute of limitations." The case, upon these exceptions, was heard by his honor, Judge Aldrich, who, in a short order, overruled the exceptions and confirmed the report, dismissing the petition as recommended by the master. The petitioner has now appealed to this court upon the exceptions filed to the report of the master, claiming that his honor should have sustained said exceptions.

The objection that this petition could not be heard because of

the fact that this party had already had her day in court under the call for creditors, with the report of the commissioner substantially against her claim, confirmed by the court, was not interposed when the motion for reference was made without prejudice. No objection, however, of this kind has since been made, and we must regard the petition, therefore, as properly before the court, and must consider the exceptions upon their merits.

The first two exceptions complain that the master did not find that the legacy of plaintiff had neither been paid nor had been invested in the tract of land mentioned. We do not see how the master could have found either of these facts as requested. It appears that at the time the petitioner filed her bill to have the fund invested—*i. e.*, in May, 1856—the interest had been paid up. The *corpus* amounted to $1,895. Previous to that time— *i. e.*, in February, 1855—there was a judgment in the office against Henry Epting, amounting to $1,290. This passed into the hands of Dr. Rutherford. It appears, too, that in 1858 Dr. Rutherford paid the petitioner, in a note on Wicker, $180, and he was directed to pay the costs of the bill out of the legacy, amounting to some $190. These amounts with the judgment would be near $1,700. The interest on the legacy up to May, 1856, when the bill was filed, had been paid; since then the petitioner has been enjoying the rents and profits of the land, and therefore no interest could be charged. So that the payments above, with the judgment, are nearly the amount of the legacy, which, according to the finding of the master, was $1,815. Now give the estate credit for the other payments which the report states had been made, though the amounts are not stated, and it might well be supposed that the legacy was understood by the parties to be paid in full, especially as the petitioner did not press before the commissioner for any excess, but submitted to the report, in which no additional amount was allowed her.

It appears clearly enough that this legacy had been substantially invested by Dr. Rutherford in the land. It is true the deed from Henry Epting to the trustee was not executed until after the death of Dr. Rutherford. But the petitioner had gone into the possession of the land previous to his death, in pursu-

ance of the order directing the investment, and the subsequent order of Chancellor Lesesne merely consummated the previous arrangement.

Had this claim been previously adjudicated? It was certainly before the commissioner, because he reported that the decree directing the investment had been satisfied except the costs. Whether the petitioner made any claim for an excess over the investment does not appear; but she had the opportunity, and according to the authorities cited by the master, she must be concluded—certainly until the report of the special referee is reversed. That report was confirmed in 1877, and then became the judgment of the court. There has been no appeal, and it has settled the rights of the parties for the time being at least. Whether it can be reversed as an interlocutory judgment, at some future stage of the case, is not before us.

We concur in the judgment of the court that the claim is barred by the lapse of time. Dr. Rutherford put the plaintiff into possession of her legacy through the land in 1856, he paid her $180 in 1858, and this is the last connection which he seems to have had with the matter. The petitioner has not claimed from any one any further payment until the filing of this petition in 1882, twenty-four years, and some seventeen years since the death of Dr. Rutherford. We adopt the reasoning of Master Barksdale on this subject and the authorities to which he refers.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.